### Michael D. O'BRIEN

v.

### MUTUAL OF OMAHA INSURANCE COMPANY.

No. CIV. A. 99–2151.

United States District Court, E.D. Louisiana.

Dec. 7, 1999.

---

### ORDER AND REASONS

MENTZ, District Judge.

Plaintiff Michael O'Brien seeks a remand of this action on the grounds that there is no federal question removal jurisdiction over his claims and the removal was untimely.

O'Brien filed suit against defendant Mutual of Omaha Insurance Company on August 5, 1998 in the 24th Judicial District Court for the Parish of Jefferson. He alleged breach of contract under Louisiana law for failure to pay his medical insurance claim for expenses related to a lumbar surgery.

Mutual of Omaha removed the suit to this federal court on July 15, 1999 under 28 U.S.C. § 1441 on the ground that the plaintiff's claims is based on an employee welfare benefit plan governed by the provisions of the federal Employees Retirement and Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Mutual of Omaha contends that removal was timely because it was within thirty days of taking of O'Brien's deposition in which he allegedly testified as to facts indicating that his claim is governed by ERISA.

O'Brien is the President of Avondale Container Yard, Inc. It is undisputed that in 1991, Avondale established and maintained an employer-sponsored health care plan with Mutual of Omaha for its employees who wished to participate. After seven months, that group policy terminated, and a few days later, O'Brien and other employees of Avondale applied for individual health insurance policies with Mutual of Omaha.[1] Any employees who wanted to acquire individual policies from Mutual of Omaha did so by applying directly with Mutual of Omaha. Mutual of Omaha issued O'Brien's policy on September 15, 1992.

Mutual of Omaha removed this case based on the law that claims which "relate

---

1. O'Brien and Avondale employees testified in deposition that Mutual of Omaha's agent advised them that it would no longer write group policies, and that individual policies would be cheaper.

to" employee benefit plans under ERISA are within the exclusive jurisdiction of the federal courts. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55, 63 (1987).[2]

■ In this case, whether O'Brien's claims fall within ERISA's preemptive scope depends on whether his insurance policy qualifies as an "employee benefit plan" for ERISA purposes. The burden is on Mutual of Omaha as the removing party to establish this court's jurisdiction. *See Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992). Thus, Mutual of Omaha has the burden to establish that the policy is an employee benefit plan under ERISA.

ERISA defines an employee welfare benefit plan in pertinent part as:

> any plan, fund, or program which was ... established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise ... medical, surgical, or hospital care or benefits ....

29 U.S.C. § 1002(1).

■ The test for determining whether a policy qualifies as an ERISA "employee welfare benefit plan" is whether a plan (1) exists; (2) falls outside the safe-harbor provision established by the Department of Labor; and (3) is established or maintained by an employer intending to benefit employees. *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir.1993); *Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir.1982).

■ The court first addresses the question of whether a "plan" exists. This issue hinges on whether "from the surrounding circumstances a reasonable person can ascertain the intended benefits, the class of beneficiaries, the source financing, and procedures for receiving benefits." *Memorial Hospital Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 240 (5th Cir.1990) (quoting *Dillingham*, 688 F.2d at 1373).

There is no "Summary Plan Description" as required by ERISA, 29 U.S.C. § 1022; therefore, the court looks to the terms of O'Brien's individual policy and the other circumstances in this case. Here, O'Brien's policy fits within the meaning of a "plan." There is little doubt that a reasonable person could ascertain the intended benefits, beneficiaries, and procedures for receiving benefits by simply looking at the policy. Review of the policy shows that the intended benefits are medical care, and it describes those benefits specifically. The policy states that the beneficiaries are O'Brien, his spouse, and dependents,[3] and sets forth the procedures for receiving benefits. The policy does not indicate a source of financing, but the evidence submitted in connection with the motion shows that O'Brien paid his insurance premiums himself. Thus, the first part of the test is met.

The second prong of the analysis asks whether the plan is covered by the safe-harbor provision promulgated by the Department of Labor. An insurance plan that falls within the safe harbor is not subject to regulation under ERISA. 29 C.F.R. § 2510.3–1(j)(1)–(4). The regulation excepts from the definition of "employee welfare benefit plan" certain "group or group-type insurance program[s] offered by an insurer to employees." 29

---

**2.** ERISA contains a preemption clause which states, in relevant part:

[T]he provisions of this title ... shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 4(a) [29 U.S.C. § 1003(a)] and not exempt under section 4(b) [29 U.S.C. § 1003(b)].

29 U.S.C. § 1144(a).

**3.** The requirement of an identifiable "class of beneficiaries" is satisfied even if the benefit in question is conferred on only a single person. *See Williams v. Wright*, 927 F.2d 1540, 1545 (11th Cir.1991).

C.F.R. § 2510.3–1(j).[4] The safe harbor provision is not applicable to O'Brien's policy because it is not a group policy or even a "group-type" policy.

■ Since O'Brien's insurance policy qualifies as a "plan," as that term is used in § 1002(1), and it is not exempt under the safe harbor provision, then whether the policy satisfies the full § 1002(1) definition of an ERISA employee welfare benefit plan depends on "(1) whether an employer established or maintained the plan; and (2) whether the employer intended to provide benefits to its employees." *See Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir.1993).

There is no evidence that Avondale was involved in the creation of the individual policies other than allowing the Mutual of Omaha agent to market the policies to its employees. Avondale did not purchase the insurance for its employees; each employee who decided to purchase a policy, did so on his own directly with the insurer. Participation of the employees was completely voluntary. There is no mention in O'Brien's policy of Avondale or an employer, or that the insurance is in any way tied to employment. Avondale does not collect any insurance premiums; the employees pay their premiums directly to Mutual of Omaha. Avondale does not provide any insurance administration. There is no evidence that Avondale provides any claim processing assistance to its employees. There is no evidence that Avondale represented the availability of health insurance to its employees as part of a benefits package.

Mutual of Omaha argues that the fact that Avondale added $50 a week to its employees' paycheck to cover a portion of the premium shows that it established and maintained an ERISA plan. The court finds that this fact alone is insufficient to satisfy the third part of the test for an ERISA plan. "[A]n employer who simply pays its employees enough so that the employees are encouraged on their own to buy insurance policies could not be thought to have established or maintained any policy that any individual employee might purchase." *New England Mutual Life Ins. Co., Inc. v. Baig*, 166 F.3d 1 (1st Cir.1999) (where the court held that an employer's reimbursement of premiums paid directly by an employee who purchased his insurance directly with the insurer did not establish or maintain an ERISA plan.)

There is no evidence that Mutual of Omaha was even aware that Avondale increased its employees' pay to cover part of the premium expense. Indeed, it was not until Mutual of Omaha took O'Brien's deposition, ten months after he filed suit in state court, that it discovered this information. *See New England Mutual Life Ins. Co., Inc. v. Baig*, 985 F.Supp. 11, 14 n. 2 (D.Mass.1997), *aff'd*, 166 F.3d 1 (1st Cir.1999)(finding that the insurer's lack of awareness of any role on the part of the

---

4. For a program to qualify for the exception, four elements must be satisfied:

(j) Certain group or group-type insurance programs. For purposes of Title I of the Act in this Chapter, the terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which

(1) No contributions are made by an employer or employee organization;

(2) Participation in the program is completely voluntary for employees or members;

(3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs, and to remit them to the insurer; and

(4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with the payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3–1(j) (1992).

employer in the insured's purchase of the policy is evidence of the employer's lack of participation in the policy.)

The court further finds that Avondale could not have established or maintained O'Brien's policy for the purpose of benefitting its employees because O'Brien, who owns Avondale, is not an "employee" as defined by 29 C.F.R. § 2510.3-3(c)(1). That regulation provides that "[a]n individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which is wholly-owned by the individual or by the individual and his or her spouse." In addition, Department of Labor regulations provide that an "employee benefit plan" shall not include plans under which no employees are participants. 29 C.F.R. § 2510.3-3(b). *See Meredith*, 980 F.2d at 356. No employees participated in O'Brien's policy.

Finally, the court finds that the fact of the prior employer-sponsored group health care plan, together with the insured's expectation that the scope of coverage would remain unchanged when the group policy was terminated and the individual policies commenced, are evidence that O'Brien intended to provide health care benefits for Avondale's employees. Notwithstanding this intention, the facts of this case fail to show that the individual policies were established or maintained by Avondale.

In view of the foregoing, the court finds that the policy at issue in this case is not an ERISA-covered plan but simply an individual health insurance policy. *See Meredith*, 980 F.2d 352 (insurance plan purchased by sole proprietor for herself and her spouse did not constitute "employee welfare benefit plan"; *Curtiss v. Union Central Life Ins. Co.*, 823 F.Supp. 851 (D.Colo.1993)(citing *Taggart Corp. v. Life & Health Benefits Admin.*, 617 F.2d 1208 (5th Cir.1980)); *Kidder v. H & B Marine, Inc.*, 932 F.2d 347, 353 (5th Cir.1991); and *Memorial Hospital System v. Northbrook Life Ins. Co.*, 904 F.2d 236, 242 (5th Cir.

1990))(where employer's only involvement was to purchase an individual life insurance policy for employee, the policy was not an employee welfare benefit plan); *du Mortier v. Massachusetts General Life Ins. Co.*, 805 F.Supp. 816 (C.D.Cal.1992) (individual cancer insurance policies issued to individual employees were held not to constitute an employee welfare benefit plan subject to ERISA). Therefore, O'Brien's claims are not preempted, and the case must be remanded for lack of subject matter jurisdiction.[5]

Accordingly,

IT IS ORDERED that the plaintiff's Motion To Remand is **GRANTED**. The Clerk shall remand this suit to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

---

**5.** The court need not address the timeliness of removal.