

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

July 2, 2008

The Honorable Kim Brimer
Chair, Committee on Administration
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0640

Re: Applicability of chapter 1501, Texas Insurance Code, to certain health benefit "cafeteria" plans offered by employers (RQ-0662-GA)

Dear Senator Brimer:

You ask the following questions regarding the applicability of chapter 1501, Texas Insurance Code, to certain health benefit plans and the related effect such applicability may have on an individual's eligibility to participate in the Texas Health Insurance Risk Pool:

> For the purposes of Chapter 1501, Insurance Code, does the payment of individual health benefit plan premiums through a cafeteria plan that is funded entirely by pre-tax deductions from employer[-]paid salaries create a small or large employer health benefit plan if the individual health benefit plan is not offered or endorsed by the employer?
>
> . . . .
>
> If a cafeteria plan that is funded entirely by pre-tax deductions from employer[-]paid salaries is classified as a small or large employer health benefit plan, what effect, if any, does that classification have on the eligibility of an individual to participate in the Texas Health Insurance Risk Pool under Chapter 1506, Insurance Code, if that individual is eligible to participate in the cafeteria plan?[1]

Your questions raise many issues of fact, which cannot be resolved in an opinion. *See* Tex. Att'y Gen. Op. No. GA-0446 (2006) at 18 ("Questions of fact are not appropriate to the opinion process."). We can, however, provide some guidance as to the interpretation of the statutory

---

[1]*See* Letter from Honorable Kim Brimer, Chair, Committee on Administration, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas, at 2–3 (Jan. 2, 2008) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter].

provisions at issue and the legal framework applicable to your questions. We begin by examining chapter 1501, Texas Insurance Code, in light of your questions.

## I.    Chapter 1501

Chapter 1501 of the Insurance Code is the state's "Health Insurance Portability and Availability Act." TEX. INS. CODE ANN. § 1501.001 (Vernon 2007). Sections 1501.003 and 1501.004 respectively define small and large employer health benefits plans for the purposes of chapter 1501:

### § 1501.003.    Applicability:  Small Employer Health Benefit Plans

An individual or group health benefit plan is a small employer health benefit plan subject to Subchapters C-H [2] if it provides health care benefits covering two or more eligible employees of a small employer and:

(1)  the employer pays a portion of the premiums or benefits;

(2)  the employer or a covered individual treats the health benefit plan as part of a plan or program for purposes of Section 106 or 162, Internal Revenue Code of 1986 (26 U.S.C. Section 106 or 162); or

(3)  the health benefit plan is an employee welfare benefit plan under 29 C.F.R. Section 2510.3–1(j).

### § 1501.004.    Applicability:  Large Employer Health Benefit Plans

An individual or group health benefit plan is a large employer health benefit plan subject to Subchapters C and M[3] if the plan provides health care benefits to eligible employees of a large employer and:

---

[2]Subchapter C sets out the provisions of coverage for both small and large employer health benefit plans. *See* TEX. INS. CODE ANN. §§ 1501.101–.111 (Vernon 2007). Subchapter D mandates the issue of, and sets the parameters for, small employer health benefit plans to small employers. *See id.* §§ 1501.151–.159. Subchapters E through H establish small employer health benefit plan guidelines. *See id.* §§ 1501.201–.215 (subchapter E relating to underwriting and rating plans); 1501.251–.260 (subchapter F outlining provisions of coverage); 1501.301–.326 (subchapter G providing for reinsurance); 1501.351–.358 (subchapter H concerning marketing).

[3]Subchapter C sets out the provisions of coverage for both small and large employer health benefit plans. *See id.* §§ 1501.101–.111. Subchapter M establishes participation criteria, coverage requirements, premium rates and marketing requirements pertaining to large employer benefit plans. *See id.* §§ 1501.601–.616.

(1)  the employer pays a portion of the premiums or benefits;

(2)  the employer or a covered individual treats the health benefit plan as part of a plan or program for purposes of Section 106 or 162, Internal Revenue Code of 1986 (26 U.S.C. Section 106 or 162); or

(3)  the health benefit plan is an employee welfare benefit plan under 29 C.F.R. Section 2510.3–1(j).

*Id.* §§ 1501.003–.004 (footnotes added); *see also id.* § 1501.002 (defining, among other terms, "health benefit plan," "eligible employee," "large employer," "large employer health benefit plan," "small employer" and "small employer health benefit plan").

## II.     Chapter 1501 Applicability

### A.     Statutory Test

We first consider the statutory test for large and small employer health benefit plans. A colon introduces three means by which a small employer health benefit plan under section 1501.003 is created and, likewise, a colon introduces three means by which a large employer health benefit plan under section 1501.004 is created. *Id.* §§ 1501.003–.004. As the three means in the respective provisions are connected by the word "or," they should be read as alternatives.[4] *See Bd. of Ins. Comm'rs v. Guardian Life Ins. Co.*, 180 S.W.2d 906, 908 (Tex. 1944) (explaining that the term "or" is generally construed as disjunctive); TEX. LEGISLATIVE COUNCIL DRAFTING MANUAL § 7.08 (Aug. 2006) ("Use a colon to introduce a series of dependent subdivisions or to introduce subdivisions of a definitions section.").

Thus, an individual or group health benefit plan that provides benefits to the requisite employees is a small or large employer health benefit plan if one of the following three factors is present: (1) the employer pays a portion of the premiums or benefits; (2) the employer or a covered

---

[4]The Texas Department of Insurance (TDI) appears to construe the statute in a similar fashion. *See* TDI Brief from Sara Shiplet Waitt, Senior Associate Commissioner, Legal Services, Texas Department of Insurance, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General of Texas, at 2 (Feb. 26, 2008) (on file with the Opinion Committee) [hereinafter TDI Brief].

Without offering supporting citation, the Texas Association of Life and Health Insurers (TALHI) asserts in a brief submitted to our office that "the Texas Legislature intended that an employer must actually pay a portion of the premium or benefits in order to be considered a small employer plan under Section 1501.003 or a large employer plan under Section 1501.004." Brief from Jay A. Thompson, of Thompson, Coe, Cousins & Irons, L.L.P., on behalf of the Texas Association of Life and Health Insurers, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General of Texas, at 7 (Mar. 18, 2008) (on file with the Opinion Committee) [hereinafter TALHI Brief]. Under TALHI's proposed construction we would have to read the term "and" after 1501.003(1) and 1501.004(1). *See id.* at 5. Such a reading is not supported by the rules of grammar or statutory construction.

individual treats the health benefit plan as part of a plan or program for purposes of section 106 or 162 of the Internal Revenue Code; or (3) the health benefit plan is an employee welfare benefit plan under 29 C.F.R. section 2510.3-1(j). TEX. INS. CODE ANN. §§ 1501.003–.004 (Vernon 2007).

### B.    Safe Harbor

We understand you to inquire only about the third means by which a small or large employer health benefit plan is created contained in sections 1501.003(3) and 1501.004(3).[5] *See* Request Letter, *supra* note 1, at 1–2 (predicating questions on the application of 29 C.F.R. § 2510.3-1(j)); TEX. INS. CODE ANN. §§ 1501.003(3) (Vernon 2007) (providing that a plan is a small employer health benefit plan if, among other things, the plan "is an employee welfare benefit plan under 29 C.F.R. Section 2510.3-1(j)"); 1501.004(3) (providing that a plan is a large employer health benefit plan if, among other things, the plan "is an employee welfare benefit plan under 29 C.F.R. Section 2510.3-1(j)").

The federal regulation referred to in sections 1501.003(3) and 1501.004(3)—29 C.F.R. section 2510.3-1(j)—is commonly known as the "safe harbor" exclusion and, as you point out, rather than providing what constitutes an "employee welfare benefit plan" it explains what type of program is not within that term. *See* Request Letter, *supra* note 1, at 2; 29 C.F.R. § 2510.3-1(j); *McNeil v. Time Ins. Co.*, 205 F.3d 179, 190 (5th Cir. 2000) (explaining that 29 C.F.R. § 2510.3-1(j) is a federal regulation promulgated by the Secretary of Labor called the "safe harbor" exclusion that exempts certain insurance programs from the scope of the Employee Retirement Income Security Act (ERISA)). The safe harbor exclusion provides, in relevant part, that

> the term[] "employee welfare benefit plan" . . . *shall not include* a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which
>
> (1)  No contributions are made by an employer or employee organization;
>
> (2)  Participation in the program is completely voluntary for employees or members;
>
> (3)  The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and

---

[5]We note that regardless of whether any particular plan falls within subsection (3), it may nonetheless constitute a small or large employer health benefit plan pursuant to sections 1501.003(1)–(2) or 1501.004(1)–(2).

> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j) (2004) (emphasis added). If a plan falls within the safe harbor exclusion at 29 C.F.R. § 2510.3-1(j), it is *not* an employee welfare benefit plan for purposes of sections 1501.003(3) or 1501.004(3), Texas Insurance Code. TEX. INS. CODE ANN. §§ 1501.003(3), .004(3) (Vernon 2007); 29 C.F.R. § 2510.3-1(j).[6]

We note first that the safe harbor exclusion is applicable, by its express terms, to "group" and "group-type" programs. 29 C.F.R. § 2510.3-1(j); *see also O'Brien v. Mutual of Omaha Ins. Co.*, 99 F. Supp. 2d 744, 747 (E.D. La. 1999) (concluding that the safe harbor exclusion did not apply to an individual health insurance policy acquired by an employee directly from an insurance company because it was not a group or group-type policy). If the *individual* health benefit plan you describe is not a group or group-type program, it will not fall within the safe harbor exclusion.

Section 1501.002(5) defines the term "health benefit plan" to "mean[] a group, blanket, or franchise insurance policy, a certificate issued under a group policy, a group hospital service contract, or a group subscriber contract or evidence of coverage issued by a health maintenance organization that provides benefits for health care services." TEX. INS. CODE ANN. § 1501.002(5) (Vernon 2007). An examination of the enumerated policy types and contracts included within the definition of "health benefit plan" reveals that certain *individual* health benefit plans are encompassed within that definition,[7] and we assume it is this type of plan to which you refer when you use the phrase "individual health benefit plan." Request Letter, *supra* note 1, at 1–3. A franchise insurance policy is, for example, an "individual health benefit plan under which a number of individual policies are offered to a selected group." 28 TEX. ADMIN. CODE §§ 3.601(c)(3) (2008) (Tex. Dep't Ins., Purpose and Scope, Applicability, and Definitions Used in This Subchapter); 26.4(17) (Tex. Dep't Ins., Definitions); *see also* Tex. Att'y Gen. Op. No. GA-0327 (2005) at 4–5 (discussing the meaning of each of the policy types and contracts included in the definition of "health benefit plan"). Because you do not specify the type of plan at issue, we can not rule out the possibility that the individual health benefit plan you describe is a group or group-type program.

---

[6]The TDI appears to construe this statute in a similar manner. *See* TDI Brief, *supra* note 4, at 8 ("To the extent that an employer correctly applies and implements the safe harbor regulations established at 29 C.F.R. § 2510.3-1(j), a plan falls within the safe harbor from treatment as an employee welfare benefit plan under Title I, Employee Retirement Income Security Act (ERISA), and is not, therefore an employee welfare benefit plan for purposes of TIC §§ 1501.003(3) or 1501.004(3).") (footnote deleted).

[7]One brief received in our office seems to argue that *individual* health benefit plans are not encompassed within the definition of "health benefit plan." *See* TALHI Brief, *supra* note 4, at 6 ("The term health benefit plan is defined . . . to mean only *group, blanket, or franchise policies* and other specific types of policies contained in the definition. Individual health insurance policies are not included in the definition of health benefit plan . . . .").

Assuming the individual health benefit plan you describe is a group or group-type insurance program, all four elements of the safe harbor exclusion must be satisfied to qualify for the exclusion. *See* 29 C.F.R. § 2510.3-1(j) (2004); *House v. Am. United Life Ins. Co.*, 499 F.3d 443, 449 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 1309 (2008) ("The plan must meet all four criteria to be exempt from ERISA."). Consideration of each of the four elements of the safe harbor exclusion in any particular circumstance involves questions of fact. *See, e.g., House*, 499 F.3d at 449–50 (the existence of an ERISA plan, which depends in part on whether the plan falls within the safe harbor exclusion, is a mixed question of law and fact unless the facts are undisputed); *McNeil*, 205 F.3d at 189 (holding that whether an insurance policy constitutes an ERISA plan is an issue of fact). We cannot, therefore, determine whether the individual health benefit plan you describe falls within the safe harbor exclusion.

You tell us various things about the individual health benefit plan at issue that may be relevant to the applicability of the safe harbor exclusion. You describe the payment of plan premiums as being made through a "cafeteria plan." Request Letter, *supra* note 1, at 2–3. State statutes define this term to mean a plan authorized by section 125 of the Internal Revenue Code, and we assume that you mean the same when you use the term. *See, e.g.,* TEX. EDUC. CODE ANN. § 22.101(1) (Vernon Supp. 2007) ("'Cafeteria plan' means a plan as defined . . . by Section 125, Internal Revenue Code . . . ."); TEX. GOV'T CODE ANN. §§ 811.001(7) (Vernon Supp. 2007) (including cafeteria plan within definition of "compensation"), 851.001(6) (Vernon 2004) (including cafeteria plan within definition of "compensation"); TEX. INS. CODE ANN. §§ 1551.003(5), 1601.003(3) (Vernon 2007) (providing "cafeteria plan" means a section 125 plan). Section 125 of the Internal Revenue Code defines a cafeteria plan as:

> a written plan under which –
>
> (A)   all participants are employees, and
>
> (B)   the participants may choose among 2 or more benefits consisting of cash and qualified benefits.[8]

26 U.S.C.A. § 125(d)(1) (West Supp. 2007) (footnote added); *see also Nat'l Plan Admin., Inc. v. Nat'l Health Ins. Co.*, 150 S.W.3d 718, 724–25 (Tex. App.—Austin 2004) ("Under a cafeteria plan, an employee may request an employer to reduce an employee's wages by a certain amount in exchange for the employer purchasing insurance on behalf of the employee or for reimbursing the employee for medical or child-care expenses."), *rev'd on other grounds*, 235 S.W.3d 695 (Tex. 2007). That a plan is a cafeteria plan is not dispositive as to the application of the safe harbor exclusion.

You also describe the plan at issue as one that is funded entirely by pre-tax deductions from employer-paid salaries and is not offered or endorsed by the employer. Request Letter, *supra* note 1, at 2. Like the fact that the plan at issue is a cafeteria plan, those factors are relevant but not dispositive as to whether the plan falls within the safe harbor exclusion.

---

[8]With some exceptions, the term does not include a plan that provides for deferred compensation. *See* 26 U.S.C.A. § 125(d)(2) (West Supp. 2007).

Assuming the type of plan you describe does not fall within the safe harbor exclusion and is a small or large employer health plan under chapter 1501, we consider your second question.

## III.     Texas Health Insurance Risk Pool

You ask if a cafeteria plan that is funded entirely by pre-tax deductions from employer-paid salaries is classified as a small or large employer health benefit plan, "what effect, if any, . . . that classification [has] on the eligibility of an individual to participate in the Texas Health Insurance Risk Pool under Chapter 1506, Insurance Code, if that individual is eligible to participate in the cafeteria plan[.]" Request Letter, *supra* note 1, at 3. We assume from your question that the individual is only eligible for but not actually covered by the plan you describe. *Id.*; *see also* TEX. INS. CODE ANN. §§ 1501.151–.152 (Vernon 2007) (establishing guaranteed issue requirements and exclusion prohibitions for small employer health benefit plans); 1501.602–.603 (providing coverage requirements and exclusion prohibitions for large employer health benefit plans).

The Texas Health Insurance Risk Pool (the "Pool") is a legislatively created insurance pool aimed at providing otherwise uninsurable individuals with access to health insurance. *See* TEX. INS. CODE ANN. § 1506.101 (Vernon 2007). Eligibility for coverage from the Pool is established in subchapter D, chapter 1506, Insurance Code. Section 1506.153(a) sets out a list of individuals who are not eligible for coverage from the Pool. *Id.* § 1506.153(a). You do not identify a particular provision that you believe would result in ineligibility. Request Letter, *supra* note 1. We examine two statutory provisions that might make the individual you inquire about—a person who is eligible to participate in an individual health care benefit plan under chapter 1501—ineligible to obtain coverage from the Pool.[9]

First, we consider section 1506.153(a)(2), which provides that

> an individual is not eligible for coverage from the pool if . . .
>
>     (2)   at the time the individual applies to the pool, except as provided in Subsection (b), the individual is *eligible for* other health care benefits . . . other than:
>
>         . . .
>
>         (C)   individual coverage conditioned by a limitation described by Section 1506.152(a)(3)(C) or (D).[10]

TEX. INS. CODE ANN. § 1506.153(a)(2) (Vernon 2007) (emphasis added).

---

[9]An individual covered by the plan you describe may, depending on the facts, be ineligible for coverage from the Pool under other provisions as well.

[10]Section 1506.152(a)(3)(C) describes "an offer to issue substantially similar individual coverage only with conditional riders" and subsection (D) relates to "a diagnosis of the individual with one of the medical or health conditions" covered by the Pool. TEX. INS. CODE ANN. § 1506.152(a)(3)(C)–(D) (Vernon 2007).

Second, we consider section 1506.153(a)(7), which provides that "an individual is not eligible for coverage from the pool if . . . the individual is *eligible for* health benefit plan[11] coverage provided in connection with a policy, plan, or program paid for or sponsored by an employer, even though the employer coverage is declined." *Id.* § 1506.153(a)(7) (footnote and emphasis added). Certain part-time employees are excepted from this provision. *Id.*

Based on the express language of these two provisions, it is apparent that, with certain exceptions, mere eligibility for health care benefits or coverage from a health benefit plan can make one ineligible for coverage from the Pool. Therefore, if an individual is eligible to participate in an individual health benefit plan classified as a small or large employer health benefit plan under chapter 1501, the individual may, depending on the facts, be ineligible for coverage from the Pool.

---

[11]The term "health benefit plan" is broadly defined in chapter 1506 as "an individual or group health benefit plan" including, among other things, any "health care plan or arrangement that pays for or furnishes medical or health care services by insurance or otherwise." *Id.* § 1506.002(a).

**S U M M A R Y**

The payment of individual health benefit plan premiums through a cafeteria plan that is funded entirely by pre-tax deductions from employer-paid salaries and that is not offered or endorsed by the employer is a small or large employer health benefit plan under section 1501.003(3) or 1501.004(3), Insurance Code, if the plan (1) is a health benefit plan that provides health care benefits (2) to the requisite employees and (3) is an employee welfare benefit plan under 29 C.F.R. section 2510.3-1(j) (i.e., does not fall within the safe harbor exclusion). Whether any particular plan meets these requirements involves questions of fact.

An individual who is eligible to participate in a cafeteria plan that is funded entirely by pre-tax deductions from employer-paid salaries and that constitutes a small or large employer health benefit plan under chapter 1501, may, depending upon the facts, be ineligible to participate in the Texas Health Insurance Risk Pool under chapter 1506 of the Insurance Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Christy Drake-Adams
Assistant Attorney General, Opinion Committee